UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREE SPEECH COALITION, INC., *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>JAMES M. LEBLANC, *in his official capacity as* SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, *et al.*,<br><br>               Defendants. | Civil Action<br><br>No. 23-02123<br><br>Judge Susie Morgan<br><br>Magistrate Judge Donna Phillips Currault<br><br>Section "E" (2) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... IV

INTRODUCTION ..................................................................................... 1

BACKGROUND ....................................................................................... 3

LEGAL STANDARD ................................................................................. 4

ARGUMENT ............................................................................................ 5

I.   THE COURT LACKS JURISDICTION TO AWARD ANY RELIEF RELATING TO THE
     PRIVATE ENFORCEMENT ACT AGAINST ANY DEFENDANT. ..........................................5

  A.  Sovereign immunity bars all relief relating to the Private Enforcement Act. ....................*5*

      1.  No Defendant is sufficiently connected to enforcement of the Private
          Enforcement Act. .......................................................................................... 6

          a.  No Defendant has a duty to enforce the Private Enforcement Act. .......................7

              i.   Secretary LeBlanc lacks a "particular duty" to enforce the Private
                   Enforcement Act. .....................................................................................7

              ii.  Commissioner Dardenne lacks a "particular duty" to enforce the
                   Private Enforcement Act. ............................................................. 9

              iii. AG Landry lacks a "particular duty" to enforce the Private
                   Enforcement Act. ....................................................................................10

          b.  No Defendant has demonstrated a willingness to enforce the Private
              Enforcement Act. ................................................................................. 11

  B.  Plaintiffs lack standing to seek relief relating to the Private Enforcement Act. ...............12

      1.  Plaintiffs cannot trace any alleged injury to any Defendant. .....................................12

      2.  An award of equitable relief would not redress Plaintiffs' alleged injuries. ...............13

  C.  There is no unqualified right to pre-enforcement review. .................................................14

  D.  The Court may not enjoin the Private Enforcement Act itself or enjoin unnamed private
      parties by proxy. ..................................................................................................15

II.  THE COURT LACKS JURISDICTION TO AWARD ANY RELIEF RELATING TO THE PUBLIC
ENFORCEMENT ACT AGAINST SECRETARY LEBLANC AND COMMISSIONER
DARDENNE. ...................................................................................................16

    A.  Sovereign immunity bars all requests for relief relating to the Public
Enforcement Act against Secretary LeBlanc and Commissioner Dardenne. ...............16

        1.  The *Young* analysis begins and ends with the Public Enforcement Act's delegation
of enforcement authority to AG Landry alone. ......................................................17

        2.  Neither Secretary LeBlanc nor Commissioner Dardenne is sufficiently
connected to enforcement of the Public Enforcement Act. ...................................17

            a.  Neither Secretary LeBlanc nor Commissioner Dardenne has a "particular
duty" to enforce the Public Enforcement Act. ...............................................18

                i.  Secretary LeBlanc lacks a "particular duty" to enforce the Public
Enforcement Act. ...................................................................................19

                ii.  Commissioner Dardenne lacks a "particular duty" to enforce the Public
Enforcement Act. ...................................................................................19

            b.  Neither Secretary LeBlanc nor Commissioner Dardenne has
demonstrated a willingness to exercise the nonexistent duty to enforce the
Public Enforcement Act. ...............................................................................19

    B.  Plaintiffs lack standing to seek equitable relief relating to the Public Enforcement Act
against Secretary LeBlanc and Commissioner Dardenne. ..........................................20

        1.  Plaintiffs cannot trace any alleged injury to the alleged conduct of Secretary LeBlanc
or Commissioner Dardenne. ...................................................................................21

        2.  An award of equitable relief would not redress any alleged injury relating to the Public
Enforcement Act. ...................................................................................................21

III.  CONCLUSORY ALLEGATIONS CANNOT ESTABLISH STANDING OR OVERCOME
IMMUNITY. ..................................................................................................22

IV.  THE COURT SHOULD DECIDE THE THRESHOLD JURISDICTIONAL ISSUES BEFORE
CONSIDERING THE MERITS OF PLAINTIFFS' MOTION FOR A PRELIMINARY
INJUNCTION. ..............................................................................................23

CONCLUSION ....................................................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................ 22

*City of Austin v. Paxton,*
943 F.3d 993 (5th Cir. 2019) ................................................. *passim*

*Bennett v. Spear,*
520 U.S. 154 (1997) ........................................................................ 12

*California v. Texas,*
141 S. Ct. 2104 (2021) .............................................................. 21, 22

*Clapper v. Amnesty Int'l USA,*
568 U.S. 398 (2013) ........................................................................ 14

*Daves v. Dallas Cnty., Tex.,*
22 F.4th 522 (5th Cir. 2022) (en banc) ........................................ 12

*Dynalantic Corp. v. Dep't of Def.,*
115 F.3d 1012 (D.C. Cir. 1997) .................................................... 13

*E.T. v. Paxton,*
41 F.4th 709 (5th Cir. 2021) ................................................... 14, 22

*Ex parte Young,*
209 U.S. 123 (1908) .................................................................. *passim*

*Fontenot v. McCraw,*
777 F.3d 741 (5th Cir. 2015) ........................................................ 12

*Freedom from Religion Found., Inc. v. Mack,*
4 F.4th 306 (5th Cir. 2021) ............................................................. 6

*Giannakos v. M/V Bravo Trader,*
762 F.2d 1295 (5th Cir. 1985) (per curiam) .................................. 4

*Haaland v. Brackeen,*
143 S. Ct. 1609 (2023) .................................................................... 13

*Haverkamp v. Linthicum,*
6 F.4th 662 (5th Cir. 2021) (per curiam) ....................................... 5

*In re Abbott,*
956 F.3d 696 (5th Cir. 2020) ........................................................ 18

*In re Gee,*
941 F.3d 153 (5th Cir. 2019) (per curiam) ..................................... 4

*In re Paxton,*
60 F.4th 252 (5th Cir. 2023) ........................................................ 23

*Kling v. Hebert,*
   60 F.4th 281 (5th Cir. 2023) ............................................................................. 5

*Laufer v. Mann Hosp., L.L.C.,*
   996 F.3d 269 (5th Cir. 2021) ............................................................................. 5

*Lewis v. Scott,*
   28 F.4th 659 (5th Cir. 2022) ..................................................................... *passim*

*Liverpool, N.Y. & Phila. S.S. Co. v. Comm'rs of Emigration,*
   113 U.S. 33 (1885) ........................................................................................... 15

*Lujan v. Defs. Of Wildlife,*
   504 U.S. 555 (1992) .......................................................................... 12, 21, 22

*Morris v. Livingston,*
   739 F.3d 740 (5th Cir. 2014) ..................................................................... 17, 18

*NetChoice, L.L.C. v. Paxton,*
   49 F.4th 439 (5th Cir. 2022) ........................................................................... 15

*Ostrewich v. Tatum,*
   — F.4th —, 2023 WL 4231608 (5th Cir. June 28, 2023) ....................... 6, 11, 18, 20

*Raj v. La. State Univ.,*
   714 F.3d 322 (5th Cir. 2013) ............................................................................. 5

*Richardson v. Flores,*
   28 F.4th 649 (5th Cir. 2022) ................................................................. 9, 10, 18

*Richardson v. Tex. Sec'y of State,*
   978 F.3d 220 (5th Cir. 2020) ...................................................................... 9, 10

*Russell v. Jones,*
   49 F.4th 507 (5th Cir. 2022) ........................................................................... 23

*Salinas v. Tex. Workforce Comm'n,*
   573 F. App'x 370 (5th Cir. 2014) (per curiam) .............................................. 22

*Silha v. ACT, Inc.,*
   807 F.3d 169 (7th Cir. 2015) ........................................................................... 22

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) ........................................................................................... 12

*Tex. Alliance for Retired Ams. v. Scott,*
   28 F.4th 669 (5th Cir. 2022) ..................................................................... *passim*

*Tex. Democratic Party v. Abbott,*
   978 F.3d 168 (5th Cir. 2019) .................................................................. 7, 18, 20

*Tex. State LULAC v. Elfant,*
   52 F.4th 248 (5th Cir. 2022) ........................................................................... 21

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*,
   454 U.S. 464 (1982) ..................................................................................................... 14

*Whole Woman's Health v. Jackson*,
   142 S. Ct. 522 (2021) .................................................................... 2, 6, 14, 15, 16

**Constitutional Provisions**

U.S. Const. art. III ........................................................................................... *passim*

U.S. Const. amend. I .................................................................................................. 1

U.S. Const. amend. XIV ............................................................................................. 1

**State Statutes**

La. Stat. Ann. § 9:2800.29 ............................................................................ *passim*

La. Stat. Ann. § 13:5106 ........................................................................................... 5

La. Stat. Ann. § 51:2121 ............................................................................... *passim*

La. Stat. Ann. § 51:3211 ........................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................... 4, 5, 22, 23

Fed. R. Civ. P. 12(h)(3) ............................................................................................ 4

**Other Authorities**

Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*,
131 Harv. L. Rev. 417, 421 (2017). ................................................................. 15

**INTRODUCTION**

In this pre-enforcement challenge under the First and Fourteenth Amendments to the United States Constitution, Plaintiffs—consumers, publishers, or distributors of porn or porn-adjacent material—ask the Court to preliminarily enjoin enforcement of two Louisiana laws that protect Louisiana's children from the corrosive influence of pornography. *See* LA. STAT. ANN. §§ 9:2800.29 ("Private Enforcement Act") & 51:2121 ("Public Enforcement Act").[1] Both challenged laws aim to achieve that laudable objective by requiring publishers and distributors of material harmful to minors to perform reasonable age verification measures.

The laws differ in their enforcement mechanisms, however. The Private Enforcement Act creates a private right of action; it is enforced exclusively through citizen suits against violators. No state official is charged with enforcing the Private Enforcement Act. The Public Enforcement Act is different. Unlike the Private Enforcement Act, the Public Enforcement Act specifically vests enforcement authority in one public official—the Attorney General of Louisiana, and him alone.

Plaintiffs do not appear to appreciate those critical differences. They want the Court to issue injunctive and declaratory relief against three State of Louisiana officials in their official capacities—Attorney General of Louisiana Jeff Landry, Louisiana Division of Administration Commissioner Jay Dardenne, and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc—even though none of them has any role whatsoever in enforcing the Private Enforcement Act. And two of the sued trio, Commissioner Dardenne and Secretary LeBlanc, lack both the power and the willingness to take enforcement action under the Public Enforcement Act.

---

[1] The Public Enforcement Act is not yet available on commercial legal databases like Westlaw. For the Court's convenience, Defendants attach a copy of the Public Enforcement Act as Exhibit A.

Those differences matter. The Court lacks jurisdiction over Plaintiffs' requests for official-capacity relief against the Defendant–officials unless the requests fall within the "narrow exception"[2] to sovereign immunity articulated in *Ex parte Young*, 209 U.S. 123, 155–56 (1908). And to fall within that "narrow exception," each Defendant must have a "sufficient connection" to enforcement of each law—that is, each Defendant must have *both* the "particular duty" and the "demonstrated willingness" to enforce each law. Plaintiffs cannot satisfy either criterion.

Start with the Private Enforcement Act. There is no connection between any Defendant and enforcement of this citizen-suit provision. No Defendant has a particular duty to enforce it. Nor has any Defendant shown a willingness to enforce it. And Defendants' general duties cannot supply the required connection as a matter of law. Because Plaintiffs cannot point to specific enforcement actions of any Defendant relating to the Private Enforcement Act, *Young*'s narrow exception to sovereign immunity does not apply. No Defendant may stand suit under *Young*.

The same is true of the Public Enforcement Act, as to Secretary LeBlanc and Commissioner Dardenne. The Public Enforcement Act vests enforcement authority in one State official—the Attorney General of Louisiana. Neither Secretary LeBlanc nor Commissioner Dardenne has any enforcement role. They lack a particular duty to enforce the Public Enforcement Act, and could not enforce the law even if they wanted to. Because they lack the required enforcement connection to the Public Enforcement Act, they may not be sued for equitable relief.

But sovereign immunity is not Plaintiffs' only problem; standing is another one. For many of the reasons Plaintiffs cannot avail themselves of *Young*'s narrow exception, Plaintiffs also cannot carry their burden to establish Article III standing's traceability and redressability requirements.

---

[2] *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021).

No supposed harm flowing from the Private Enforcement Act can be traced to any Defendant because no Defendant has the duty or the demonstrated willingness to enforce the Private Enforcement Act. And an award of equitable relief as to the Private Enforcement Act would provide no redress at all to Plaintiffs because any such award would not and could not stop unnamed nonparties from bringing citizen suits against Plaintiffs under the Private Enforcement Act. The same principles foreclose standing to seek relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne. Because neither one has any enforcement connection to the Public Enforcement Act, Plaintiffs necessarily cannot establish traceability or redressability.

## BACKGROUND

During the 2022 Louisiana legislative session, a bipartisan supermajority passed—and Governor Edwards signed—a bill that addresses the "public health crisis" created by "pornography's corro[sive] influence on minors." LA. STAT. ANN. § 9:2800.29(A). Known as Act 440, the Private Enforcement Act mitigates that "public health crisis" by creating a private right of action against commercial entities that knowingly or intentionally publish or distribute material harmful to minors on the internet without performing reasonable age verification methods. *Id.*

The Private Enforcement Act does not grant any State official the power to bring criminal prosecutions or civil enforcement actions. *Id.* Instead, the Private Enforcement Act achieves enforcement through "a civil remedy for damages" that "an individual" may bring against a commercial entity that knowingly and intentionally distributes material harmful to minors without performing reasonable age verification methods. *Id.* 9:2800.29(B)(1). Passed in June 2022, the Private Enforcement Act took effect over six months ago—on January 1, 2023.

During the 2023 regular session, the legislature passed the Public Enforcement Act, a bill that also aims to protect minors from pornography's corrosive influence. LA. STAT. ANN. §

51:2121. Like the Private Enforcement Act, the Public Enforcement Act received overwhelming bipartisan support. Unlike the Private Enforcement Act, however, the Public Enforcement Act does not create a private right of action. *Id.* § 51:2121(A)(1)–(2). Instead, the Public Enforcement Act vests enforcement authority in the Attorney General of Louisiana alone. *Id.* § 51:2121(A)(2). The Public Enforcement Act empowers the Attorney General alone to investigate and—after a 30-day notice-and-compliance period—bring a civil action to recover penalties against a commercial entity that knowingly or intentionally publishes or distributes material harmful to minors on the internet without performing reasonable age verification methods. *Id.* Passed ~~over six months ago,~~ in Jun~~anuary~~ 2023, the Public Enforcement Act takes effect on August 1, 2023.

In late June 2023—nearly six months after the Private Enforcement Act took effect—Plaintiffs brought a pre-enforcement challenge to the constitutionality of both statutes. Doc. 1. Plaintiffs seek official-capacity declaratory and injunctive relief against Attorney General of Louisiana Jeff Landry, Louisiana Division of Administration Commissioner Jay Dardenne, and Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc. *Id.* A few days after filing suit, Plaintiffs moved to preliminarily enjoin enforcement of both laws. Doc. 9.

Defendants now move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) all of Plaintiffs' requests for relief *except* those requests asserted against AG Landry related to his enforcement of the Public Enforcement Act.

## LEGAL STANDARD

Courts "must" dismiss if they lack jurisdiction. Fed. R. Civ. P. 12(h)(3). That dismissal can come on a party's motion, Fed. R. Civ. P. 12(b)(1), or *sua sponte*, *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (per curiam). Either way, "[a] district court's obligation to consider a challenge to its jurisdiction is non-discretionary." *In re Gee*, 941 F.3d 153, 159

4

(5th Cir. 2019) (per curiam). Here, Defendants—Louisiana officials sued in their official capacities—challenge jurisdiction through a Rule 12(b)(1) motion raising both sovereign immunity and standing. Because Plaintiffs invoked the Court's jurisdiction, Plaintiffs bear the burden of proving it for Rule 12(b)(1) purposes. *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271 (5th Cir. 2021). That means Plaintiffs' well-pleaded, non-conclusory factual allegations must establish jurisdiction—and overcome sovereign immunity[3]—on a claim– and defendant-specific basis. *See id.* Because those allegations do not clear that bar, the Court lacks jurisdiction over all claims related to the Private Enforcement Act and over all claims against Secretary LeBlanc and Commissioner Dardenne.

## ARGUMENT

### I.  The Court lacks jurisdiction to award any relief relating to the Private Enforcement Act against Any Defendant.

The Court lacks jurisdiction to award any relief relating to the Private Enforcement Act for two independent reasons. First, (A) Plaintiffs' claims relating to the Private Enforcement Act are barred by sovereign immunity, and none fall within *Young*'s narrow exception. Second, (B) Plaintiffs have not satisfied standing's traceability and redressability requirements as to any Defendant.

### A.  Sovereign immunity bars all relief relating to the Private Enforcement Act.

Sovereign immunity bars *all* requests for relief relating to the Private Enforcement Act. States are generally immune from suit in federal court.[4] *Tex. All. For Retired Ams. v. Scott*, 28 F.4th 669, 671 (5th Cir. 2022) (*TARA*). "Sovereign immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a [S]tate." *Kling v. Hebert*, 60 F.4th 281, 284

---

[3] *E.g.*, *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021) (per curiam).

[4] Louisiana has not waived immunity, LA. STAT. ANN. § 13:5106(A), and Congress has not abrogated immunity under § 1983, *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

(5th Cir. 2023) (quotation omitted). That immunity extends to official-capacity suits against State officials, like Defendants here, because they "are effectively suits against a [S]tate." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). True, *Young* carves out a "narrow exception" to immunity. *Whole Woman's Health*, 142 S. Ct. at 532. But claims are "cognizable under [*Young*] only if, *inter alia*, . . . the defendant state officer bears a sufficiently close connection to the unlawful conduct that a district court can meaningfully redress that injury with an injunction against that officer." *Freedom From Religion Found., Inc. v. Mack*, 4 F.4th 306, 312 (5th Cir. 2021).

Here, Plaintiffs have not carried, and cannot carry, their burden to show that *Young*'s narrow exception to sovereign immunity applies. That is because none of the Defendants is sufficiently connected to the enforcement of the Private Enforcement Act to be subject to suit under *Young*. And none of the Defendants is sufficiently connected to enforcement of the Private Enforcement Act because none of the Defendants has the particular duty to enforce the Private Enforcement Act, a citizen-suit provision that tasks no State official with enforcement, and none of the Defendants has demonstrated a willingness to enforce the Private Enforcement Act either.

### 1. No Defendant is sufficiently connected to enforcement of the Private Enforcement Act.

Plaintiffs cannot show that *Young*'s narrow exception applies because Plaintiffs cannot show that any Defendant is sufficiently connected to enforcement of the Private Enforcement Act. "To show this required 'connection,' a state officer must have a 'particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" *Ostrewich v. Tatum*, — F.4th —, 2023 WL 4231608, at *3 (5th Cir. June 28, 2023) (quoting *Tex. Democratic Party v. Abbott*,

978 F.3d 168, 181 (5th Cir. 2020) (*TDP*)). The requisite connection is missing here for the independent reasons that (a) no Defendant has any particular duty to enforce the Private Enforcement Act, and (b) no Defendant has demonstrated a willingness to enforce the Private Enforcement Act.

### a.   No Defendant has a duty to enforce the Private Enforcement Act.

No Defendant has a "particular duty" to enforce the Private Enforcement Act.  In the *Young* context, "enforcement means compulsion or constraint." *TARA*, 28 F.4th at 672 (quotation omitted). "If the official does not compel or constrain anyone to obey the challenged law, enjoining that official could not stop any ongoing constitutional violation." *Id.* "That means the official must be statutorily tasked with enforcing the challenged law." *TDP*, 978 F.3d at 181.

As its label makes clear, the Private Enforcement Act creates a private right of action "against commercial entities who distribute material harmful to minors." LA. STAT. ANN. § 9:2800.29(A). The Private Enforcement Act does not have a public-enforcement mechanism; it is not enforced by any particular State official. *Id.* It is instead enforced through citizen suits—and citizen suits alone. *Id.* No Defendant has a "particular duty" to "compel or constrain anyone to obey" the law. *Lewis v. Scott*, 28 F.4th 659, 672 (5th Cir. 2022). Nor is any Defendant "statutorily tasked with enforcing" the law. *TDP*, 978 F.3d at 181. The analysis can begin—and end—here.

### i.   Secretary LeBlanc lacks a "particular duty" to enforce the Private Enforcement Act.

Starting with Secretary LeBlanc, Plaintiffs' allegations cannot conjure up a "particular duty" to enforce the Private Enforcement Act. *Lewis*, 28 F.4th 672. Plaintiffs rely principally on Secretary LeBlanc's general duties as the Secretary of the Louisiana Department of Public Safety and Corrections. Doc. 1 at ¶ 17. But Secretary LeBlanc's "[g]eneral duties" cannot establish a

"sufficient connection." *Lewis*, 28 F.4th at 664. And even if they could, the general duties the complaint cites bear no relation to *enforcement* of the Private Enforcement Act. Doc. 1 at ¶ 17.

Those general duties aside, Plaintiffs' remaining theory rests on a "digitized identification card" that downloads data files from the Department of Public Safety and Corrections. Doc. 1 at ¶ 17; *see* LA. STAT. ANN. § 9:2800.29(D)(8) (one of several "reasonable age verification measures" is requiring a website visitor to provide a "digitized identification card"); LA. STAT. ANN. § 51:3211 (defining "digitized identification card"). The theory goes something like this: (1) both challenged laws require "reasonable age verification measures"; (2) one "reasonable age verification measure[]" is requiring a website visitor to provide a "digitized identification card"; (3) that "digitized identification card" contains a data file downloaded from the Department of Public Safety and Corrections; (4) Secretary LeBlanc is the administrator of the Department; (5) therefore, Secretary LeBlanc is "complicit in the enforcement of" both challenged laws. Doc. 1 at ¶ 17.

There are several problems with that theory. First, it is too attenuated to "count" under *Young*; it supplies no link at all between Secretary LeBlanc and *enforcement* of either challenged law, much less a "sufficient" one. To hold otherwise would "merely mak[e] [Secretary LeBlanc] a party as a representative of the state, and thereby attempt[] to make the [S]tate a party," *Young*, 209 U.S. at 157, which the Court cannot do. Second, it is functionally the same as—and ultimately reduces to—prohibited reliance on Secretary LeBlanc's "general duties." *Lewis*, 28 F.4th at 664.

Third, the broad duties of the Louisiana Department of Public Safety and Corrections related to transmission of data files under LA. STAT. ANN. § 51:3211, a statute not challenged here, do not make Secretary LeBlanc the enforcer of either challenged law. As a matter of law, "[m]ore is needed—namely, a showing of the Secretary's connection to the enforcement of the *particular*

*statutory provision* that is the subject of the litigation." *Richardson v. Flores*, 28 F.4th 649, 654 (5th Cir. 2022) (emphasis added) (quotation omitted). Fourth, even if Plaintiffs could somehow show a connection between Secretary LeBlanc and the "digitized information card" generally, Plaintiffs still have not shown that the Secretary's role relating to the "digitized information card" "compel[s] or constrain[s] anyone to obey" either of the challenged laws. *TARA*, 28 F.4th at 672. The alleged power of the Department to issue a "digitized information card" plainly "is not the power to enforce" either challenged law. *Mi Familia Vota v. Abbott*, 977 F.3d 461, 467 (5th Cir. 2020).

Finally, and independently, the Court may not award any relief purporting to control Secretary LeBlanc's exercise of his discretion as to the "digitized information card" because such an award would "impinge[] upon [his] discretionary authority in flat violation of *Young*." *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 242 (5th Cir. 2020); Doc. 1 at ¶ 54 (bemoaning the allegedly "unconstrained discretion" associated with the "digitized identification card").[5]

### ii. Commissioner Dardenne lacks a "particular duty" to enforce the Private Enforcement Act.

Plaintiffs' allegations do not establish that Commissioner Dardenne has a "particular duty" to enforce the Private Enforcement Act either. *Id.* As with Secretary LeBlanc, Plaintiffs rely on Commissioner Dardenne's general duties as Commissioner of the Division of Administration. Doc. 1 at ¶ 18. Those "general duties" are insufficient as a matter of law. *Lewis*, 28 F.4th at 664.

Besides Commissioner Dardenne's general duties, Plaintiffs point only to the Division of Administration's general role in "the development, implementation, and administration of LA

---

[5] For the same reasons Plaintiffs' "digitized information card" theory does not sufficiently connect Secretary LeBlanc to enforcement of the Private Enforcement Act for purposes of *Young*'s narrow exception to immunity, Plaintiffs' "digitized information card" theory also does not sufficiently connect Secretary LeBlanc to enforcement of the Public Enforcement Act. *Post*, at 17–20.

Wallet," which in turn allegedly "works with private age-verification vendors." Doc. 1 at ¶ 18. But Plaintiffs' "LA Wallet" theory does not supply any relevant enforcement connection either.

For one, the theory is functionally equivalent to prohibited reliance on Commissioner Dardenne's general duties as Commissioner of the Division of Administration. *See Lewis*, 28 F.4th at 664; *TARA*, 28 F.4th at 672. That the Division is allegedly responsible for developing a program that "works with private age-verification vendors," Doc. 1 at ¶18, "fail[s] to make [Commissioner Dardenne] the enforcer of" the challenged laws themselves, *Lewis*, 28 F.4th at 664.  It does not establish Commissioner Dardenne's power to "compel or constrain anyone to obey" either challenged law. *TARA*, 28 F.4th at 672. And it has no bearing on enforcement of "the particular statutory provision that is the subject of the litigation," *Richardson* 28 F.4th at 654 (quotation omitted), *i.e.*, the private right of action the law creates.[6] In any event, the Court cannot award any relief on this "LA Wallet" theory for the independent reason that doing so would compel Commissioner Dardenne's exercise of his discretion in connection with the Division of Administration's "development, implementation, and administration of LA Wallet." *See Richardson*, 978 F.3d at 242.

### iii. AG Landry lacks a "particular duty" to enforce the Private Enforcement Act.

Plaintiffs' allegations also cannot transform AG Landry into an enforcer of the Private Enforcement Act. Doc. 1 at ¶ 19. That is perhaps why Plaintiffs do not make any allegation even attempting to link AG Landry to enforcement of that law. Doc. 1 at ¶ 19. Indeed, Plaintiffs enforcement-related allegations respecting AG Landry concern only the *Public Enforcement Act*, a separate

---

[6] For the same reasons Plaintiffs' "LA Wallet" theory does not sufficiently connect Commissioner Dardenne to enforcement of the Private Enforcement Act for purposes of *Young*'s narrow exception to sovereign immunity, Plaintiffs' "LA Wallet" theory also does not sufficiently connect Commissioner Dardenne to enforcement of the Public Enforcement Act. *Post*, at 17–20.

statute that specifically assigns AG Landry enforcement responsibility; AG Landry does not dispute that he has a particular duty to enforce the *Public Enforcement Act*, but he has no comparable duty as to the *Private Enforcement Act*. Because Plaintiffs have not alleged any connection between AG Landry and enforcement of the Private Enforcement Act, Plaintiffs have not shown that AG Landry has the "particular duty" to enforce the Private Enforcement Act.

At any rate, Plaintiffs could not meet that burden even if they had tried to do so. AG Landry's "general duties" under the Louisiana Constitution do not tie him to enforcement of the Private Enforcement Act. *See Lewis*, 28 F.4th at 664; *TARA*, 28 F.4th at 672. Nor does anything in the Act itself establish AG Landry's power to "compel or constrain anyone to obey" the Private Enforcement Act. *TARA*, 28 F.4th at 672. Like Secretary LeBlanc and Commissioner Dardenne, AG Landry lacks a "particular duty" to enforce the Private Enforcement Act.

### b. No Defendant has demonstrated a willingness to enforce the Private Enforcement Act.

Even if Plaintiffs could show that Defendants had a "particular duty" to enforce the Private Enforcement Act, Plaintiffs still could not benefit from *Young*'s narrow exception to sovereign immunity. That's because no Defendant has "a demonstrated willingness to exercise" the nonexistent duty to enforce the Private Enforcement Act. *See TARA*, 28 F.4th at 672; *Ostrewich*, 2023 WL 4231608, at *4. And Plaintiffs make no allegation to the contrary. Doc. 1. That is unsurprising, as Plaintiffs cannot point "to specific enforcement actions of the . . . [D]efendant state officials warranting the application of the *Young* exception." *City of Austin*, 943 F.3d at 1001. Accordingly, for this independent reason, none of Plaintiffs' claims related to the Private Enforcement Act comes within *Young*'s narrow exception to sovereign immunity. All such claims are barred by immunity.

**B. Plaintiffs lack standing to seek relief relating to the Private Enforcement Act.**

Besides being barred by sovereign immunity, Plaintiffs' challenge to the Private Enforcement Act is non-justiciable for an independent and overlapping reason: Plaintiffs lack standing.

As with sovereign immunity, Plaintiffs bear the burden of demonstrating standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). To do that, Plaintiffs must show that (1) they have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the Defendants; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "The [C]ourt must evaluate each plaintiff's Article III standing for each claim." *Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015). And standing is defendant-specific: "Standing to sue one defendant does not, on its own, confer standing to sue a different defendant." *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 542 (5th Cir. 2022) (en banc). Because Plaintiffs have failed to carry their burden to establish both (1) traceability and (2) redressability, Plaintiffs have failed to carry their burden to establish their Article III standing to seek any relief relating to the Private Enforcement Act.

**1. Plaintiffs cannot trace any alleged injury to any Defendant.**

To carry their burden to show standing, Plaintiffs must establish a "causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the [D]efendant[s], and not the result of the independent action of some third party not before the Court." *Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury must "be traced to allegedly unlawful conduct of the defendant," as opposed to "the provision of law that is challenged." *Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021) (quotation omitted). For the same reasons that none of the Defendants is sufficiently connected to enforcement of the Private Enforcement

Act, *ante*, at 6–11, any alleged injuries flowing from the Private Enforcement Act cannot be traced to any Defendant. *See City of Austin*, 943 F.3d at 1002 (noting that Article III standing and Young analysis "significant[ly] overlap."). And because none of Plaintiffs' alleged injuries related to the Private Enforcement Act can be traced to any Defendant, no Plaintiff has standing to seek prospective equitable relief related to the Private Enforcement Act against any Defendant.

### 2. An award of equitable relief would not redress Plaintiffs' alleged injuries.

Plaintiffs also cannot show that an award of equitable relief against any Defendant would redress any alleged injury relating to the Private Enforcement Act. "Typically, redressability and traceability overlap as two sides of a causation coin, and here too the concepts are closely related." *Dynalantic Corp. v. Dep't of Def.*, 115 F.3d 1012, 1017 (D.C. Cir. 1997). For the same reasons Plaintiffs cannot trace their alleged injuries to any Defendant, awarding equitable relief would not redress any alleged injury flowing from the Private Enforcement Act. *Ante*, at 12–13. Because none of the Defendants "compel[s] or constrain[s] anyone to obey [the Private Enforcement Act], enjoining [them] could not stop any ongoing constitutional violation." *TARA*, 28 F.4th at 672. In other words, an award of equitable relief "would not give [Plaintiffs] legally enforceable protection from [any] allegedly imminent harm." *Haaland v. Brackeen*, 143 S. Ct. 1609, 1639 (2023).

But Plaintiffs also cannot show redressability for a third, independent reason: Enjoining Defendants from enforcing a law they do not enforce would do nothing to stop unnamed private parties from bringing citizen suits against Plaintiffs under the Private Enforcement Act. Indeed, even if the Court issued the requested injunction against the named Defendants, "[t]hat would expose [P]laintiffs to the exact same risks they otherwise impute to [the Private Enforcement Act], and no amount of equitable relief against [Defendants] will redress anything." *E.T. v. Paxton*, 41

F.4th 709, 720 (5th Cir. 2022). For each of these independent reasons, Plaintiffs cannot carry their burden to establish redressability.

###    C.    There is no unqualified right to pre-enforcement review.

There is no jurisdiction over Plaintiffs' challenge to the Private Enforcement Act. And it is no answer to complain that the absence of jurisdiction would make the law effectively unreviewable in federal court. The Supreme Court "has never recognized an unqualified right to pre-enforcement review of constitutional claims in federal court." *Whole Woman's Health*, 142 S. Ct. at 537–38. Pre-enforcement review is the exception, not the rule. The supposed "chilling effect associated with a potentially unconstitutional law being on the books is insufficient to justify federal intervention in a pre-enforcement suit." *Id.* And there is "no place in our constitutional scheme" for a "philosophy that the business of the federal courts is correcting constitutional errors, and that 'cases and controversies' are at best merely convenient vehicles for doing so and at worst nuisances that may be dispensed with when they become obstacles to that transcendent endeavor." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 489 (1982).

The upshot is that the Court may not assume jurisdiction over Plaintiffs' pre-enforcement challenge merely because to do otherwise would supposedly foreclose a federal judicial remedy to a perceived constitutional wrong. For example, a court cannot overlook a lack of standing merely because a suit would otherwise be barred by sovereign immunity. *Accord, e.g.*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420 (2013) ("[T]he assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing."). And even in cases raising important individual rights, courts may not "disregard the traditional limits on the jurisdiction of federal courts just to see a favored result win the day." *Whole Woman's Health*, 142 S. Ct. at 538.

### D. The Court may not enjoin the Private Enforcement Act itself or enjoin unnamed private parties by proxy.

The Court may not entertain any request for relief relating to the Private Enforcement Act because the Court lacks jurisdiction to do so. "Article III of the Constitution affords federal courts the power to resolve only actual controversies arising between adverse litigants." *Whole Woman's Health*, 142 S. Ct. at 532 (quotation omitted). There is no case or controversy between the Plaintiffs who are challenging the Private Enforcement Act and the Defendants who do not enforce the Private Enforcement Act: No Defendant has the duty or the willingness to enforce the Private Enforcement Act, so there is nothing the Court can enjoin them from doing.

The Court may exercise its equitable powers only in the context of an actual case or controversy, which does not exist here. "A federal court 'has no jurisdiction to pronounce any statute, either of a state or of the United States, void because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.'" *NetChoice, L.L.C. v. Paxton*, 49 F.4th 439, 449 (5th Cir. 2022) (quoting *Liverpool, N.Y. & Phila. S.S. Co. v. Comm'rs of Emigration*, 113 U.S. 33, 39 (1885)). "This limitation on federal jurisdiction to 'actual controversies' prevents courts from 'anticipat[ing] a question of constitutional law in advance of the necessity of deciding it.'" *Id.* (quoting *Liverpool*, 113 U.S. at 39).

Here, because no party before the Court is willing or able to enforce the Private Enforcement Act, the Court lacks jurisdiction to enjoin the law or to opine on its constitutionality. *Whole Woman's Health*, 142 S. Ct. at 532, 538. The Court may not "lawfully enjoin the world at large, or purport to enjoin challenged laws themselves." *Id.* at 535 (quotation omitted). After all, the "judicial Power" is the power to "decide cases for parties, not questions for everyone." Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 HARV. L. REV. 417, 421 (2017).

Nor may the Court use the Defendants as proxies for private parties who may later sue Plaintiffs under the Private Enforcement Act. Of course, Plaintiffs cannot identify any duty on the part of any Defendant to enforce the Private Enforcement Act; no such duty exists. But even if Plaintiffs could find s*ome* duty *somewhere*, Plaintiffs still "have identified nothing that might allow a federal court to parlay that authority, or any [D]efendant's enforcement authority, into an injunction against any and all unnamed private persons who might seek to bring their own [Private Enforcement Act] suits." *Whole Woman's Health*, 142 S. Ct. at 535.

## II.    The Court lacks jurisdiction to award any relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne.

The Court lacks jurisdiction to award any relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne. That is for at least two independent reasons. First, (A) Secretary LeBlanc and Commissioner Dardenne enjoy sovereign immunity from all of Plaintiffs' requests for relief relating to the Public Enforcement Act. And second, (B) Plaintiffs have not carried their burden to satisfy Article III standing's traceability and redressability requirements as to Secretary LeBlanc and Commissioner Dardenne.

### A.    Sovereign immunity bars all requests for relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne.

Sovereign immunity bars all requests for relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne. As with the Private Enforcement Act, Plaintiffs' requests for official-capacity relief relating to the Public Enforcement Act amount "effectively" to a "suit[] against" the State of Louisiana; sovereign immunity bars those requests unless *Young*'s narrow exception applies. *City of Austin*, 943 F.3d at 99. But *Young*'s narrow exception does not apply. And that's for the independent reasons that (1) the Public Enforcement

Act vests enforcement authority in AG Landry alone, and (2) neither Secretary LeBlanc nor Commissioner Dardenne is sufficiently connected to enforcement of the Public Enforcement Act.

### 1. The *Young* analysis begins and ends with the Public Enforcement Act's delegation of enforcement authority to AG Landry alone.

*Young* does not permit Plaintiffs to seek relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne. The most obvious reason is that the Public Enforcement Act grants enforcement authority to "[t]he attorney general" of Louisiana—and him alone. *See* LA. STAT. ANN. § 51:21(A)(2). "Where a state actor or agency is statutorily tasked with enforcing the challenged law and a different official is the named defendant, [the] *Young* analysis ends." *City of Austin*, 943 F.3d at 998. That "principle is settled." *Lewis*, 28 F.4th at 663; *accord, e.g.*, *Morris v. Livingston*, 739 F.3d 740, 745–46 (5th Cir. 2015) (*Young* exception did not permit suit against State official because the challenged statute provided for enforcement by a State agency, not the named State official). Here, because the Public Enforcement Act statutorily tasks AG Landry alone with enforcement, and Secretary LeBlanc and Commissioner Dardenne are also "named defendant[s]," the Court's "*Young* analysis ends." *City of Austin*, 943 F.3d at 998. Secretary LeBlanc and Commissioner Dardenne enjoy immunity on this ground alone.

### 2. Neither Secretary LeBlanc nor Commissioner Dardenne is sufficiently connected to enforcement of the Public Enforcement Act.

*Young*'s narrow exception does not permit Plaintiffs to seek relief related to the Public Enforcement Act against Commissioner Dardenne and Secretary LeBlanc for the independent reason that neither Defendant is sufficiently connected to enforcement of the law. As with the Private Enforcement Act, to establish the requisite connection to the Public Enforcement Act, Plaintiffs must show that Commissioner Dardenne and Secretary LeBlanc have *both* (a) "the particular duty to enforce" the Public Enforcement Act and (b) "a demonstrated willingness to exercise that

duty." *Ostrewich*, 2023 WL 4231608, at *3 (quotation omitted). Plaintiffs have not made, and cannot as a matter of law make, either showing. So the requisite connection to enforcement is missing. Commissioner Dardenne and Secretary LeBlanc enjoy immunity, and the Court lacks jurisdiction.

### a. Neither Secretary LeBlanc nor Commissioner Dardenne has a "particular duty" to enforce the Public Enforcement Act.

Plaintiffs cannot sufficiently connect Secretary LeBlanc or Commissioner Dardenne to enforcement of the Public Enforcement Act. That is because neither one has the "particular duty" to enforce the Public Enforcement Act. *TDP*, 978 F.3d at 1279.

The Public Enforcement Act is enforced by the Attorney General of Louisiana and him alone. As relevant here, the Public Enforcement Act empowers "[t]he attorney general" of Louisiana to "conduct an investigation" of, and "initiate a civil action" against, commercial entities that publish or distribute material harmful to minors without engaging in reasonable age verification measures. LA. STAT. ANN. § 51:2121(A)(1)–(A)(2). The Public Enforcement Act does not allow enforcement by anyone other than "[t]he attorney general." *Id.* § 51:2121(A)(2).

As the text of the Public Enforcement Act confirms, Secretary LeBlanc and Commissioner Dardenne have "no enforcement role." *Richardson*, 28 F.4th at 654. The Public Enforcement Act "makes clear" that AG Landry is the State official "responsible for the section's . . . enforcement"; it "does not [] task" Secretary LeBlanc or Commissioner Dardenne "with enforcement." *Morris*, 739 F.3d at 746. The simple fact that neither Secretary LeBlanc nor Commissioner is "statutorily tasked with enforcing" the Public Enforcement Act ends the inquiry. *TDP*, 978 F.3d at 181. That is because "[i]f the official sued is not statutorily tasked with enforcing the challenged law, then the requisite connection is absent and our *Young* analysis ends." *In re Abbott*, 956 F.3d 696,

709 (5th Cir. 2020) (quotation omitted), *cert. granted, judgment vacated sub nom. Planned Parenthood Ctr. For Choice v. Abbott*, 141 S. Ct. 1261 (2021).

> **i.   Secretary LeBlanc lacks a "particular duty" to enforce the Public Enforcement Act.**

Plaintiffs' allegations cannot vest Secretary LeBlanc with a "particular duty" to enforce a statute that, as a matter of law, he cannot enforce. *See Lewis*, 28 F.4th 672; *see also* Doc. 1 at ¶ 17. For that reason, as well as the many reasons that Plaintiffs' allegations do not make Secretary Le-Blanc an enforcer of the Private Enforcement Act, Plaintiffs allegations also cannot transform Secretary LeBlanc into an enforcer of the Public Enforcement Act. *Ante*, at 7–11 (explaining that neither Secretary LeBlanc's general duties nor the "digitized identification card" theory can sufficiently connect Secretary LeBlanc to enforcement of either challenged statute).

> **ii.   Commissioner Dardenne lacks a "particular duty" to enforce the Public Enforcement Act.**

Nor do Plaintiffs' allegations create a "particular duty" on the part of Commissioner Dardenne to enforce the Public Enforcement Act, a statute he cannot enforce as a matter of law. *Lewis*, 28 F.4th 672; *see* Doc. 1 at ¶ 18. For the same reasons that Plaintiffs' allegations do not make Commissioner Dardenne an enforcer of the Private Enforcement Act, Plaintiffs allegations also do not make Commissioner Dardenne an enforcer of the Public Enforcement Act. *Ante*, at 7–11 (explaining that neither Commissioner Dardenne's "general duties" nor the "LA Wallet" theory can sufficiently connect Commissioner Dardenne to enforcement of either challenged statute).

> **b.   Neither Secretary LeBlanc nor Commissioner Dardenne has demonstrated a willingness to exercise the nonexistent duty to enforce the Public Enforcement Act.**

*Young* does not apply to any claims against Secretary LeBlanc and Commissioner Dardenne related to the Public Enforcement Act because neither one has a "particular duty" to enforce the

Public Enforcement Act; AG Landry alone has the duty to enforce the Public Enforcement Act. *TDP*, 978 F.3d at 1279; *see* LA. STAT. ANN. § 51:2121(A)(2). For this reason alone, Secretary LeBlanc and Commissioner Dardenne enjoy immunity, and *Young*'s exception does not apply.

But even if Secretary LeBlanc and Commissioner Dardenne had a "particular duty" to enforce the Public Enforcement Act, Plaintiffs still cannot win. That is because neither Secretary LeBlanc nor Commissioner Dardenne has a "demonstrated willingness to exercise" the nonexistent duty to enforce the Public Enforcement Act, a law they have no power to enforce. *TARA*, 28 F.4th at 672; *Ostrewich*, 2023 WL 4231608, at *4. Plaintiffs make no allegation to the contrary. And that's for good reason: Plaintiffs cannot point "to specific enforcement actions of" Secretary LeBlanc or Commissioner Dardenne that "warrant[] the application of the *Young* exception." *City of Austin*, 943 F.3d at 1001. Because no such actions exist. Accordingly, for this independent reason, none of Plaintiffs claims' against Secretary LeBlanc and Commissioner Dardenne related to the Public Enforcement comes within *Young*'s narrow exception to sovereign immunity.

### B. Plaintiffs lack standing to seek equitable relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne.

The Court lacks jurisdiction over Plaintiffs' requests for relief against Secretary LeBlanc and Commissioner Dardenne for the independent reason that Plaintiffs failed to carry their burden to establish their Article III standing. Neither Secretary LeBlanc nor Commissioner Dardenne has any connection to enforcement of the Public Enforcement Act. They lack both the power and the willingness to enforce the Public Enforcement Act. As a result, (1) Plaintiffs necessarily cannot trace any alleged injury related to enforcement of the Public Enforcement Act to the alleged conduct of Secretary LeBlanc or Commissioner Dardenne, and (2) an award of equitable relief against

Secretary LeBlanc and Commissioner Dardenne would do absolutely nothing to redress any of Plaintiffs' alleged injuries relating to the Public Enforcement Act.

> 1. **Plaintiffs cannot trace any alleged injury to the alleged conduct of Secretary LeBlanc or Commissioner Dardenne.**

To establish traceability, Plaintiffs must show that their alleged injuries relating to the Public Enforcement Act are "fairly traceable to the challenged action[s]" of Secretary LeBlanc and Commissioner Dardenne, "meaning that there must be a causal connection between the [Plaintiffs' alleged] injury and the conduct" of Secretary LeBlanc and Commissioner Dardenne. *Lujan*, 504 U.S. at 560. For the same reasons that Secretary LeBlanc and Commissioner Dardenne lack any connection to enforcement of the Public Enforcement Act, *ante*, at 17–20, Plaintiffs' alleged injuries related to enforcement of the Public Enforcement Act cannot be traced to either Defendant. *See City of Austin*, 943 F.3d at 1002 (noting that Article III standing and Young analysis "significant[ly] overlap."). More specifically, the required "causal connection" is missing here because neither Secretary LeBlanc nor Commissioner Dardenne is willing or able to enforce the Public Enforcement Act against any Plaintiff. *Lujan*, 504 U.S. at 560. As a result, Plaintiffs have not shown, and cannot as a matter of law show, that any conduct of Secretary LeBlanc or Commissioner Dardenne has caused or will cause any injury they attribute to the Public Enforcement Act's enforcement. *See California v. Texas*, 141 S. Ct. 2014, 2114 (2021). Plaintiffs accordingly cannot establish traceability, and they lack Article III standing to seek any relief relating to the Public Enforcement Act against Secretary LeBlanc and Commissioner Dardenne on this ground alone.

> 2. **An award of equitable relief would not redress any alleged injury relating to the Public Enforcement Act.**

"For similar reasons," Plaintiffs also cannot show redressability as to Secretary LeBlanc or Commissioner Dardenne. *Texas State LULAC v. Elfant*, 52 F.4th 248, 255 (5th Cir. 2022). Because

neither Secretary LeBlanc nor Commissioner Dardenne can "compel or constrain[s] anyone to obey [the Public Enforcement Act], enjoining [them] could not stop any ongoing constitutional violation." *TARA*, 28 F.4th at 672. Because neither one of them has the power or the demonstrated willingness to enforce the Public Enforcement Act, awarding equitable relief against them would not be "a partial remedy of [Plaintiffs'] alleged injuries"; it would be "no remedy at all." *E.T.*, 41 F.4th at 721; *accord, e.g., id.* (plaintiffs failed to establish redressability because the State official sued lacked authority to set or enforce the challenged policies); *California*, 141 S. Ct. at 2116 (plaintiffs "cannot enjoin" a government official that "has no power to enforce" the challenged statute).

### III. Conclusory allegations cannot establish standing or overcome immunity.

Legal conclusions are not enough at this Rule 12(b)(1) stage. So, for example, Plaintiffs cannot avoid sovereign immunity merely by incanting *Young*'s "some connection" language. They have nonetheless tried. *E.g.*, Doc. 1 at ¶¶ 17–19. As a matter of law, however, those "[c]onclusory statements . . . do not establish jurisdiction under the *Ex parte Young* exception." *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 373 (5th Cir. 2014) (per curiam). Jurisdictional allegations must be supported in the same manner as any other element of a claim at this Rule 12(b)(1) stage. *See Lujan*, 504 U.S. at 561. That means Plaintiffs' standing and *Young* allegations must satisfy the *Twombly–Iqbal* standard. *See Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Besides conflicting with the text of the challenged laws, the unadorned allegation that Defendants have "some connection" with enforcement is nothing but a "[t]hreadbare recital[] of the elements of a cause of action"—it is precisely the type of conclusory allegation that does not satisfy Plaintiffs' burden at this Rule 12(b)(1) stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, no conclusory allegations—including the incantation of *Young*'s "some connection" language—can overcome Defendants' sovereign immunity or establish jurisdiction.

### IV. The Court should decide the threshold jurisdictional issues before considering the merits of Plaintiffs' motion for a preliminary injunction.

The Court should decide these threshold jurisdictional issues before turning to the merits of Plaintiffs' motion for a preliminary injunction. That is for both legal and practical reasons.

Start with the legal reasons. The Court "has a fundamental duty to examine its jurisdiction." *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023). That "non-discretionary duty" requires resolving jurisdictional defenses as early as possible. *Id.* at 257. After all, "sovereign immunity is an immunity from *suit* (including discovery), not just liability." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022). And "[w]here sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Id.* That is true as to all Defendants, but it is particularly true as to Secretary LeBlanc and Commissioner Dardenne. As to them, an order granting this motion is case-dispositive. They are entitled to sovereign immunity—*in toto*, and requiring either one to remain in this suit any longer than strictly necessary to resolve the immunity defense raised here would amount to reversible error. *E.g.*, *Paxton*, 60 F.4th at 256.

The practical reasons are also persuasive. True, this motion is not dispositive of the entire case: Defendants are not now seeking a Rule 12(b)(1) dismissal as to AG Landry's enforcement of the Public Enforcement Act. But the motion seeks dismissal of everything else; granting it would simplify the litigation—it would result in the dismissal of all claims related to the Private Enforcement Act plus all claims against Secretary LeBlanc and Commissioner Dardenne. If the Court lacks jurisdiction in the manner this motion contends, the Court cannot properly issue any injunctive or declaratory relief as to the Private Enforcement Act, nor can it issue any relief at all as to Secretary LeBlanc and Commissioner Dardenne. Accordingly, resolving these jurisdictional issues before resolving the merits of Plaintiffs' motion would be the most efficient use of the Court's resources.

## CONCLUSION

The Court lacks jurisdiction over Plaintiffs' challenge to the Private Enforcement Act *in toto*. Sovereign immunity bars the challenge, and *Young*'s narrow exception does not save it. No Defendant has a particular duty to enforce the Private Enforcement Act. Nor has any Defendant shown a willingness to enforce it. Standing principles preclude passing on the merits too. Because no Defendant has any enforcement-related connection to the Private Enforcement Act, traceability and redressability are necessarily not met. For these independent reasons, the Court lacks jurisdiction to award *any* relief related to the Private Enforcement Act as to *any* Defendant.

The Court likewise lacks jurisdiction over Plaintiffs' challenge to the Public Enforcement Act, as to Secretary LeBlanc and Commissioner Dardenne. Both enjoy sovereign immunity. And neither is subject to suit under *Young*. AG Landry alone is tasked with enforcing the Public Enforcement Act. Secretary LeBlanc and Commissioner Dardenne cannot enforce the Public Enforcement Act. And even if they could, neither one has shown any willingness to do so. Because Secretary LeBlanc and Commissioner Dardenne have zero connection to enforcement of the Public Enforcement Act, Plaintiffs cannot satisfy standing's traceability and redressability requirements either. For each of these independent reasons, the Court lacks jurisdiction to award relief related to the Public Enforcement Act against Secretary LeBlanc or Commissioner Dardenne.

*        *        *

The Court should dismiss for lack of jurisdiction all requests for relief *except* those requests for relief against AG Landry related to his enforcement of the Public Enforcement Act.

24

Dated: July 11~~0~~, 2023                     Respectfully submitted,

                                     /s/ Jordan Bailey Redmon
                                     SHAE MCPHEE (La. Bar No. 38565)
                                        Deputy Solicitor General
                                     JORDAN BAILEY REDMON (La. Bar No. 37272)
                                        Assistant Solicitor General
                                     LOUISIANA DEPARTMENT OF JUSTICE
                                     909 Poydras Street, Suite 1850
                                     New Orleans, Louisiana 70112
                                     Tel: (504) 556-9918
                                     Fax: (504) 556-9900
                                     redmonj@ag.louisiana.gov
                                     mcphees@ag.louisiana.gov

                                     *Counsel for Defendants*

## CERTIFICATE OF SERVICE

On July 11~~0~~, 2023, I caused this document to be served electronically on enrolled counsel of record for Plaintiffs, Jeffrey Keith Sandman, by filing the document using the CM/ECF system.

                                     /s/ Jordan Bailey Redmon
                                     JORDAN BAILEY REDMON