UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREE SPEECH COALITION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES M. LEBLANC, *in his official capacity as* SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, *et al.*, <br><br> Defendants. | Civil Action <br><br> No. 23-02123 <br><br> Judge Susie Morgan <br><br> Magistrate Judge Donna Phillips Currault <br><br> Section "E" (2) |

## MOTION TO CLARIFY OR, ALTERNATIVELY, EXTEND ATTORNEY GENERAL LANDRY'S RESPONSIVE-PLEADING DEADLINE

Defendant Jeff Landry, in his official capacity as Attorney General of Louisiana, respectfully moves for an order clarifying or, alternatively, extending the deadline for him to file a pleading responsive to the parts of the complaint (Doc. 1) that are *not* subject to Defendants' pending motion to dismiss (Doc. 15)—*i.e.*, any requests for relief asserted against Attorney General Landry related to his enforcement of the Public Enforcement Act. Specifically, Attorney General Landry respectfully requests that the Court enter an order to the effect that the responsive-pleading deadline for *all* Defendants and *all* requests for relief is the same: 14 days after notice of the Court's ruling on the pending motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A).

Attorney General Landry so moves for two reasons. First, there is an apparent absence of controlling authority on the question whether a motion to dismiss less than all of a complaint suspends the time to respond to the entire complaint under Federal Rule of Civil Procedure 12(a)(4)(A). *See* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1346 (3d ed.) (describing the textual answer to that question as "unclear," but observing that "the weight of the

1

limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just the claims that are the subject of the motion."). Attorney General Landry makes this motion in an abundance of caution in the event the Court disagrees with "the weight of limited authority," *id.*, holding that the pending motion to dismiss suspends the deadline to respond to all parts of the complaint under Federal Rule of Civil Procedure 12(a)(4)(A). Second, granting this motion would save judicial and party resources by avoiding duplicative pleadings in the event the pending motion to dismiss is denied.

* * *

Accordingly, in an abundance of caution, Attorney General Landry respectfully requests that the Court enter an order to the effect that the responsive-pleading deadline for *all* Defendants and *all* requests for relief is 14 days after notice of the Court's ruling on the pending motion to dismiss under Federal Rule of Civil Procedure 12(a)(4)(A). Plaintiffs do not oppose.

Dated: August 15, 2023

Respectfully submitted,

/s/ Jordan Bailey Redmon
SHAE MCPHEE (La. Bar No. 38565)
  Deputy Solicitor General
JORDAN BAILEY REDMON (La. Bar No. 37272)
  Assistant Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
909 Poydras Street, Suite 1850
New Orleans, Louisiana 70112
Tel: (504) 556-9918
Fax: 504-556-9900
mcphees@ag.louisiana.gov
redmonj@ag.louisiana.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On August 15, 2023, I caused this document to be served electronically on counsel of record for Plaintiffs, Jeffrey Sandman, by filing the document using the CM/ECF system.

/s/ Jordan Bailey Redmon
JORDAN BAILEY REDMON

## CERTIFICATE OF CONFERENCE

On August 15, 2023, I conferred by email with counsel for Plaintiffs, Jeffrey Sandman, who indicated that Plaintiffs do not oppose this motion.

/s/ Jordan Bailey Redmon
JORDAN BAILEY REDMON