UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREE SPEECH COALITION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES M. LEBLANC, *in his official capacity as* SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, *et al.*, <br><br> Defendants. | Civil Action <br><br> No. 23-02123 <br><br> Judge Susie Morgan <br><br> Magistrate Judge Donna Phillips Currault <br><br> Section "E" (2) |

**JOINT OBJECTION TO CONSOLIDATION OF PRELIMINARY INJUNCTION WITH THE TRIAL ON THE MERITS UNDER RULE 65(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

During its recent status conference, the Court suggested that it would consider consolidating Plaintiffs' pending, fully briefed motion for a preliminary injunction (ECF No. 9) with the trial on the merits under Rule 65(a)(2) of the Federal Rules of Civil Procedure. Having conferred and carefully considered the Court's suggestion, the parties jointly and respectfully notify the Court that they object to consolidation. To be sure, the Court may "advance the trial on the merits and consolidate it with the hearing" on a motion for a preliminary injunction. FED. R. CIV. P. 65(a)(2). But consolidation "generally is inappropriate." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 11A FED. PRAC. & PROC. CIV. § 2950 (3d ed.). And the parties respectfully submit that consolidation would be "inappropriate" here for at least two reasons.

First, an expedited, consolidated trial is not necessary given the pending, fully briefed motion for a preliminary injunction. (ECF No. 9). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex.*

1

*v. Camenisch*, 451 U.S. 390, 395 (1981). And the parties respectfully suggest that salutary purpose may be best served by the Court's issuance of one order that resolves both the pending preliminary-injunction motion and the forthcoming Rule 12(b)(1) motion, not by consolidation of the pending motion for a preliminary injunction with an expedited merits trial. From the parties' perspective, there is no need for a mini-trial or even an evidentiary hearing on the preliminary-injunction motion. Ruling on it would not require the Court to try this case twice. And should the Court wish to hear oral argument on that motion, the parties respectfully suggest that the already-calendared September 20th hearing presents an opportunity to do so—hopefully producing a single order resolving both the motions to dismiss and for preliminary injunction that will consolidate all the relevant issues for the appellate court's consideration. As such, proceeding according to the traditional sequence represents the best use of the Court's resources. That is the course that minimizes the risk of burdening the Court with multiple trials or evidentiary hearings: the Court need only hold one trial, if necessary—on the merits following a period of orderly discovery, after the parties have had an opportunity to sharpen the issues and fully prepare their respective cases.

Second, and by contrast, holding an expedited, consolidated trial on the merits maximizes the risk of multiple trials and duplication of valuable judicial and party resources. The Supreme Court has underscored the importance of robust record development in cases like this one involving the interplay between the First Amendment and the Internet. *See, e.g.*, *Ashcroft v. ACLU*, 542 U.S. 656, 666–73 (2004). If the Court orders an expedited, consolidated trial on the merits without affording the parties a full and fair opportunity to conduct discovery in the ordinary course, however, the Court will lack the record the Supreme Court specifically contemplated. *See id.* And if the parties are not given a full and fair opportunity to develop the record required to present their

respective cases, then consolidation would prove inappropriate. *See, e.g.*, *Dillon v. Bay City Const. Co.*, 512 F.2d 801, 804 (5th Cir. 1975) (district court abused its discretion in proceeding to a trial on the merits under Rule 65(a)(2) and preventing party from fully presenting its case by denying it the time it needed to conduct discovery to which it was entitled under the Federal Rules).

### From Defendants' perspective:

The need for full and fair discovery is especially acute for Defendants. Under *Ashcroft*'s existing framework, Defendants "bear[] the burden of proof on the ultimate question of [the Acts'] constitutionality." *Ashcroft*, 542 U.S. at 666. That "burden is not merely to show that a proposed less restrictive alternative has some flaws; [Defendants'] burden is to show that [the proposed less restrictive alternative] is less effective." *Id.* Denying Defendants a period of full and fair discovery on narrow tailoring would effectively deny Defendants the ability to defend the challenged laws for purposes of a trial on the merits and would thus risk requiring the parties and the Court to participate in a re-do on remand from the Fifth Circuit. *See, e.g.*, *Air Line Pilots Ass'n, Intern. v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397–98 (9th Cir. 1990) (vacating judgment entered after Rule 65(a)(2) consolidation in case that "would almost certainly benefit from further discovery").

### From Plaintiffs' Perspective:

Meanwhile, swift adjudication of the motion for preliminary injunction is especially important for Plaintiffs, who filed their motion in June and have not obtained a stipulation from Defendants to delay enforcement of the challenged Acts until that motion is decided. Every day that passes without an order from this Court is a day that Plaintiffs and others are chilled by the specter of enforcement under the Acts.

\*   \*   \*

Accordingly, for all of the above reasons, the parties respectfully register their objection to consolidation of Plaintiffs' pending, fully briefed motion for a preliminary injunction (ECF No. 9) with the trial on the merits under Rule 65(a)(2) of the Federal Rules of Civil Procedure. The parties respectfully suggest that the pending motion for a preliminary injunction (ECF No. 9) and Defendants' forthcoming Rule 12(b)(1) motion to dismiss may be resolved in a single order.

Dated: September 4, 2023

/s/ Jeffrey Sandman*
Jeffrey Sandman
LA Bar No. 39073
Webb Daniel Friedlander LLP
5208 Magazine St., Ste 364
New Orleans, LA 70115
Phone: (978) 886-0639
Email: jeff.sandman@webbdaniel.law

*Signature Applied with Permission

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ Jordan Bailey Redmon
SHAE MCPHEE (La. Bar No. 38565)
  Deputy Solicitor General
JORDAN BAILEY REDMON (La. Bar No. 37272)
  Assistant Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
909 Poydras Street, Suite 1850
New Orleans, Louisiana 70112
Tel: (504) 556-9918
Fax:  504-556-9900
mcphees@ag.louisiana.gov
redmonj@ag.louisiana.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On September 4, 2023, I caused this document to be served electronically on all counsel of record by filing the document using the CM/ECF system.

/s/ Jordan Bailey Redmon
JORDAN BAILEY REDMON

## CERTIFICATE OF CONFERENCE

I certify that I conferred by email with counsel for Plaintiffs, Jeff Sandman, who advised that Plaintiffs join this objection to Rule 65(a)(2) consolidation.

/s/ Jordan Bailey Redmon
JORDAN BAILEY REDMON
