# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREE SPEECH COALITION, INC., *et al.*, | Civil Action |
| Plaintiffs, | No. 23-02123 |
| v. | Judge Susie Morgan |
| JAMES M. LEBLANC, *in his official capacity as* SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, *et al.*, | Magistrate Judge Donna Phillips Currault |
| Defendants. | Section "E" (2) |

## DEFENDANT ATTORNEY GENERAL JEFF LANDRY'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Jeff Landry, in his official capacity as Attorney General of Louisiana, answers Plaintiffs' first amended complaint (Doc. 31) as follows. Under Federal Rule of Civil Procedure 8(b)(3), Defendant Attorney General Landry specifically denies each allegation contained in Plaintiffs' first amended complaint (Doc. 31) except for those allegations specifically admitted in this answer.

## INTRODUCTION[1]

**1.**   Admitted that the Louisiana legislature passed LA. STAT. ANN. § 9:2800.29 ("Private Enforcement Act") and LA. STAT. ANN. § 51:2121 ("Public Enforcement Act"); that the Private Enforcement Act, LA. STAT. ANN. § 9:2800.29(B)(1), and the Public Enforcement Act, LA. STAT. ANN. § 51:2121(A)(1), generally forbid a qualifying commercial entity from knowingly and intentionally publishing or distributing "material harmful to minors" on the internet without performing "reasonable age verification methods"; that the Private Enforcement Act creates a private right of action for damages in favor of "an individual"; and that the Public Enforcement Act authorizes Defendant Attorney General Landry to bring an enforcement action for civil penalties against a violator following a 30-day notice period.  Otherwise denied.

**2.**   Admitted that this lawsuit purports to seek declaratory and injunctive relief under 18 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §§ 1983 and 1988; and that this lawsuit purports to allege violations of the First and Fourteenth Amendments to, and Commerce and Supremacy Clauses of, the United States Constitution. Otherwise denied.

**3.**   This paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

---

[1] Defendant Attorney General Landry uses the section headings in the first amended complaint (Doc. 31) for the reader's ease. To the extent it is deemed required, Defendant denies all allegations, explicit and implied, from all headings in the first amended complaint (Doc. 31).

**4.**   This paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

**5.**   This paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

**6.**   This paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

**7.**   Admitted that *Reno v. ACLU*, 521 U.S. 844, 885 (1997), affirmed a district-court judgment rendered in 1996 holding that two provisions of the Communications Decency Act—a criminal statute—violated the First Amendment; that *ACLU v. Mukasey*, 534 F.3d 181, 207 (3d Cir. 2008), *cert. denied*, 555 U.S. 1137 (2009), affirmed an injunction finding the Child Online Protection Act unconstitutional; and that *Garden District Bookshop, Inc. v. Stewart*, 184 F. Supp. 3d 331, 342 (M.D. La. 2016), preliminarily enjoined enforcement of LA. STAT. ANN. § 14:91.14 (2015), a criminal statute, on First and Fourteenth Amendment grounds. Otherwise denied.

**8.**   Admitted that Louisiana Governor John Bel Edwards signed the Private Enforcement Act into law in June 2022; that Governor Edwards signed the Public Enforcement Act into law in June 2023; that the Private Enforcement Act took effect on January 1, 2023; and that the Public Enforcement Act took effect on August 1, 2023. Otherwise denied.

**9.**   Admitted that Plaintiffs purport to seek declaratory and injunctive relief as to the Public Enforcement Act and that Plaintiffs purported to seek declaratory and injunctive relief as to the Private Enforcement Act before their challenge to the Private Enforcement Act was dismissed for lack of subject-matter jurisdiction by the Court's order and reasons (Doc. 50). Otherwise denied.

## JURISDICTION AND VENUE

**10.** Admitted that Plaintiffs have attempted to invoke the Court's federal-question jurisdiction and that Plaintiffs' lawsuit "seeks remedies" under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988, and Fed. R. Civ. P. 65. Otherwise denied.

**11.** Admitted that venue is proper in the Eastern District of Louisiana.

## PARTIES

**12.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**13.** Admitted that Plaintiff Free Speech Coalition, Inc. purports to sue on its own behalf and on behalf of its purported members. Otherwise denied.

**14.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**15.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**16.** Denied.

**17.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**18.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**19.** Denied.

**20.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**21.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in the first two sentences of this paragraph; the allegations of the first two sentences of this paragraph are therefore denied. The remaining allegations of this paragraph are also denied.

**22.** Denied.

**23.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**24.** Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

**25.** Denied.

**26.** Admitted that Plaintiffs originally named Jay Dardenne as a Defendant (Dardenne, however, has been dismissed from this litigation for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50)); admitted that Dardenne is currently the Commissioner of

the Louisiana Division of Administration; admitted that the Louisiana Division of Administration is "a division of the office of the governor" that "shall exercise" "powers and functions" in accordance with LA. STAT. ANN. § 39:1; admitted that an "office of technology services" is within the Louisiana Division of Administration according to the text of LA. STAT. ANN. §§ 39:15.1 and 39:15.2; and admitted that the "office of technology services" is "headed by the state chief information officer" under LA. STAT. ANN. § 39:15.2, which officer has "roles, duties, and activities" that include those listed in LA. STAT. ANN. § 39:15.3(B). Otherwise denied.

27.    Admitted that requiring the provision of a "digitized identification card" as that term is defined in LA. STAT. ANN. § 51:3211 is one of several ways that the "reasonable age verification methods" requirement can be satisfied; admitted that LA Wallet was built by Envoc; admitted that LA. STAT. ANN. § 39:17.2 states that "[t]he commissioner of administration shall promulgate rules and regulations to implement the program and to develop the accessibility of any digitized credential available for use in an electronic wallet"; and admitted that LA. STAT. ANN. § 39:15.2 states that "[r]ules and regulations shall be promulgated, in accordance with the Administrative Procedure Act, as may be necessary to carry out the provisions of this Subpart." Otherwise denied.

28.    Denied.

29.    Admitted that Plaintiffs sued Commissioner Dardenne and sought prospective equitable and declaratory relief against him before he was dismissed from this litigation for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50). Otherwise denied.

30.    Admitted that Plaintiffs originally named James LeBlanc as a Defendant (LeBlanc, however, has been dismissed from this litigation for lack of subject-matter jurisdiction as a result of the

Court's order and reasons (Doc. 50)); admitted that LeBlanc is currently the Secretary of the Louisiana Department of Public Safety and Corrections; admitted that La. Stat. Ann. § 36:401(c) states that the Louisiana Department of Public Safety and Corrections is "composed of . . . public safety services" that "include . . . the office of motor vehicles"; admitted that La. Stat. Ann. § 36:408(C) states that "[t]he office of motor vehicles shall perform the functions of the state relative to the examination and licensing of drivers of motor vehicles within the state"; admitted that the Department's website, https://doc.louisiana.gov/about-the-dpsc/#about-our-offices, states that the Secretary "is responsible for the functioning and control of all programs within the Department"; "formulates rules and regulations and determines policy regarding management, personnel, and total operations"; and "leads and supports central office and field unit staff, which are charged with carrying out the work of the agency." Otherwise denied.

**31.** Admitted that requiring the provision of a "digitized identification card" as that term is defined in La. Stat. Ann. § 51:3211 is one of several ways that the "reasonable age verification methods" requirement can be satisfied; admitted that La. Stat. Ann. § 51:3211(2) defines "digitized identification card" as "a data file available on any mobile device which has connectivity to the internet through a state-approved application that allows the mobile device to download the data file from the Department of Public Safety and Corrections or an authorized representative of the Department of Public Safety and Corrections that contains all of the data elements visible on the face and back of a license or identification card and displays the current status of the license or identification card"; admitted that the Office of Motor Vehicles "worked closely with" Envoc to develop LA Wallet; and admitted that La. Stat. Ann. § 39:15.3(C) states that "[t]o accomplish

the work of the office of technology services . . . all agencies as defined in R.S. 39:2 shall cooperate with the office of technology services and provide assistance as required." Otherwise denied.

32.  Admitted that LA Wallet constitutes a "state-approved application" within the meaning of LA. STAT. ANN. § 51:3211(2) that allows a mobile device to download a data file that constitutes a "digitized identification card" as that term is defined in LA. STAT. ANN. § 51:3211(2) from the Louisiana Department of Public Safety and Corrections; admitted that the data file constituting the "digitized identification card" as that term is defined in LA. STAT. ANN. § 51:3211(2) is downloaded from the Louisiana Department of Public Safety and Corrections or an authorized representative of the Department of Public Safety and Corrections. Otherwise denied.

33.  Admitted that Plaintiffs sued Secretary LeBlanc and sought prospective equitable and declaratory relief against him before he was dismissed from this litigation for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50). Otherwise denied.

34.  Admitted that Plaintiffs named Attorney General Landry as a Defendant; admitted that Attorney General Landry is currently the Attorney General of Louisiana; admitted that Section 8 of Article IV of the Louisiana Constitution of 1974 states that the Louisiana Attorney General "shall be the chief legal officer of the state" and "[a]s necessary for the assertion or protection of any right or interest of the state," "shall have the authority . . . to institute, prosecute, or intervene in any civil action or proceeding" or "to supersede any attorney representing the state in any civil or criminal action"; admitted that LA. STAT. ANN. § 36:704(E) states that "[t]here shall be within the Department of Justice a civil division" that "shall be responsible for providing the full range of civil legal services requested by the officer and agencies of the state" and whose "functions . . . shall include the assertion or protection of any right or interest of the state of Louisiana

7

[and] representation of governmental officers, agencies, boards, or commissions"; admitted that LA. STAT. ANN. § 36:701(B) states that "[t]he attorney general . . . shall have the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of the department"; admitted that LA. STAT. ANN. § 49:251 states that "[t]he attorney general shall give his opinion in writing upon all questions of law when required by the governor, the state auditor, or the state treasurer" and "shall, within thirty days of receipt of a request, give his opinion in writing upon all questions of law when requested by any state board, agency, or commission or by any political subdivision pursuant to Subsection C, except parish and municipal governing authorities"; and admitted that LA. STAT. ANN. § 49:257(C) states that "[n]otwithstanding any other law to the contrary, the attorney general, at his discretion, shall represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the legislature is challenged or assailed." Otherwise denied.

**35.**   Admitted that the Public Enforcement Act, LA. STAT. ANN. § 51:2121(A)(2), empowers the Attorney General of Louisiana to "conduct an investigation of [an] alleged violation and initiate a civil action in the Nineteenth Judicial District for the parish of East Baton Rouge on behalf of the state to assess civil penalties" against a commercial entity that violates LA. STAT. ANN. § 51:2121(A)(1) after "provid[ing] the commercial entity with a period of time not less than thirty days to comply with this Section"; and admitted that the Attorney General of Louisiana is responsible for enforcement of the Public Enforcement Act. Otherwise denied.

**36.**   Admitted that LA. STAT. ANN. § 36:704(E) states that the "civil division" of the "Department of Justice" has "functions" that "shall include" "the assertion or protection of any right

or interest of the state of Louisiana" and the "legal representation of governmental officers, agencies, boards, or commissions"; admitted that LA. STAT. ANN. § 49:257(C) states that "the attorney general, at his discretion, shall represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the legislature is challenged or assailed"; and admitted that Defendant Attorney General Landry and his office "put together th[e] guide" published at https://agjefflandry.com/protect-inginnocence. Otherwise denied.

37.   Admitted that Plaintiffs sued Defendant Attorney General Landry and sought prospective equitable relief against him with respect to both the Private Enforcement Act and the Public Enforcement Act; however, the claims and requests for relief against Defendant Attorney General Landry under the Private Enforcement Act have since been dismissed for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50). Otherwise denied.

## FACTS

38.   Admitted.

39.   Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in this paragraph; the allegations of this paragraph are therefore denied.

40.   Admitted as to all but the last sentence; Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations in the last sentence of this paragraph; the allegations of the last sentence of this paragraph are therefore denied.

41.   Admitted.

**42.**   Admitted as to all but the last sentence; Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations in the last sentence of this paragraph; the allegations of the last sentence of this paragraph are therefore denied.

**43.**   Admitted that the Louisiana legislature passed, and Governor Edwards signed, the Private Enforcement Act in June 2022; that the Private Enforcement Act took effect on January 1, 2023; and that the Private Enforcement Act contains, *inter alia*, the provisions cited in this paragraph.

**44.**   Admitted.

**45.**   Admitted that the Louisiana legislature passed, and Governor Edwards signed, the Public Enforcement Act in June 2023; that the Public Enforcement Act took effect on August 1, 2023; and that the Public Enforcement Act contains, *inter alia*, the provisions cited in this paragraph.

**46.**   Admitted that the terms defined in Subsection D of the Public Enforcement Act are largely defined in the same manner as the same terms defined in the Private Enforcement Act.

**47.**   Admitted that commercial entities subject to regulation under the Private Enforcement Act and the Public Enforcement Act may avoid violating the Private Enforcement Act and the Public Enforcement Act by performing the "reasonable age verification methods" outlined in the Private Enforcement Act and the Public Enforcement Act. Otherwise denied.

**48.**   Denied.

**49.**   Denied.

**50.**   Denied.

**51.**   Admitted that *Aschroft v. ACLU*, 542 U.S. 656, 666 (2004), affirmed a district court's preliminary injunction blocking enforcement of the Child Online Protect Act on the ground that the district court did not abuse its discretion in concluding—in 1999—that the government had not

met its burden to satisfy strict scrutiny by showing that blocking and filtering software was less effective than the restrictions in the Child Online Protection Act. Otherwise denied.

**52.** Admitted that *Garden District Book Shop, Inc. v. Stewart*, 184 F. Supp. 3d 331, 342 (M.D. La. 2016), preliminarily enjoined enforcement of LA. STAT. ANN. § 14:91.14 (2015), a criminal statute, and that the opinion contains the passage reproduced in this paragraph. Otherwise denied.

**53.** Admitted that *Ginsberg v. New York*, 390 U.S. 629, 645 (1968), upheld the constitutionality of a New York criminal obscenity statute that prohibited the sale to minors under 17 of material defined to be obscene as to minors. Otherwise denied.

**54.** Denied.

**55.** Admitted that LA. STAT. ANN. § 51:2121(4)(a) and LA. STAT. ANN. § 9:2800.29(4)(a) state in relevant part that "[a]ny material that the average person, applying contemporary community standards, would find, taking the material as a whole and with respect to minors, is designed to appeal to, or is designed to pander to, the prurient interest"; admitted that LA. STAT. ANN. § 51:2121(4)(b) and LA. STAT. ANN. § 9:2800.29(4)(b) state in relevant part that "[a]ny of the following material that exploits, is devoted to, or principally consists of descriptions of actual, simulated, or animated display or depiction of any of the following, in a manner patently offense with respect to minors"; and admitted that LA. STAT. ANN. § 51:2121(4)(c) and LA. STAT. ANN. § 9:2800.29(4)(c) state in relevant part that "[t]he material taken as a whole lacks serious literary, artistic, political, or scientific value for minors." Otherwise denied.

**56.** Denied.

**57.** Admitted that LA. STAT. ANN. § 51:2121(D)(9) and LA. STAT. ANN. § 9:2800.29(D)(9), respectively, define "substantial portion." Otherwise denied.

**58.**   Admitted that LA. STAT. ANN. § 9:2800.29(B)(3)(b) creates a cause of action against "[a] commercial entity that is found to have knowingly retained identifying information of the individual after access has been granted to the individual." Otherwise denied.

**59.**   Admitted that *Wooley v. Maynard*, 430 U.S. 705, 717 (1977), held that the State of New Hampshire may not constitutionally enforce criminal sanctions against persons who cover the motto "Live Free or Die" on passenger vehicle license plates; and that *Hurley v. Irish–American Gay, Lesbian and Bisexual Group of Boston, Inc.*, 515 U.S. 557, 581 (1995), held that Massachusetts may not "require private citizens who organize a parade to include among the marchers a group imparting a message the organizers do not wish to convey." Otherwise denied.

**60.**   Denied.

**61.**   Denied.

**62.**   Denied.

**63.**   Denied.

**64.**   Denied.

**65.**   Denied.

**66.**   Denied.

**67.**   Denied.

**68.**   Admitted that the Private Enforcement Act and the Public Enforcement Act require qualifying commercial entities to perform "reasonable age verification methods." Otherwise denied.

**69.**   Admitted that *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963), states that "[a]ny system of prior restraints of expression comes to this Court bearing a heavy presumption against

its constitutional validity"; and that prior restraints "are presumptively unconstitutional." Otherwise denied.

**70.** Admitted that a constitutionally permissible prior restraint should include "procedural safeguards," and that the Supreme Court has stated that "a system of prior restraint 'avoids constitutional infirmity only if it takes place under procedural safeguards designed to obviate the dangers of a censorship system.'" *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 559 (1975) (quoting *Freedman v. Maryland*, 380 U.S. 51, 58 (1965)). Otherwise denied.

**71.** Admitted that the Private Enforcement Act and the Public Enforcement Act require qualifying commercial entities to employ "reasonable age verification methods." Otherwise denied.

**72.** Admitted that under LA. STAT. ANN. § 51:2121(D)(8)(a) and LA. STAT. ANN. § 9:2900.29(D)(8)(a) requiring the provision of a "digitized identification card as defined in R.S. 51:3211" is just one of several ways in which the "[r]easonable age verification methods" requirement may be satisfied. Otherwise denied.

**73.** Denied.

**74.** Denied.

**75.** Admitted that *Talley v. Succession of Stuckey*, 614 So. 2d 55, 59 (La. 1993), states that "[t]he test for severability is whether the unconstitutional portions of the statute are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention manifested by the legislature in passing the act." Otherwise denied.

**76.** Admitted that LA. STAT. ANN. § 51:2121(C)(1) and LA. STAT. ANN. § 9:2800.29(C)(1) state that "[t]his Section shall not apply to any bona fide news or public interest broadcast, website video, report, or event and shall not be construed to affect the rights of any

news-gathering organizations"; and admitted that "news-gathering organization" is defined at La. Stat. Ann. § 51:2121(D)(6) and La. Stat. Ann. § 9:2800.29(D)(6) to include, *inter alia*, "[a]n employee of a newspaper, news publication, or news source, printed or on an online mobile platform, of current news and public interest, while operating as an employee as provided in this Subparagraph, who can provide documentation of employment with the newspaper, news publication , or news source." Otherwise denied.

**77.**  Denied.

**78.**  Denied.

**79.**  Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegations contained in the first sentence of this paragraph; the allegations of the first sentence of this paragraph are therefore denied. The remaining allegations are denied.

**80.**  Denied.

**81.**  Admitted that the Private Enforcement Act and the Public Enforcement Act generally require that a commercial entity subject to the Private Enforcement Act or the Public Enforcement Act's age-verification requirements perform "reasonable age verification methods." Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the allegation that "satellites and cellular towers do not appreciate state boundaries"; that allegation is accordingly denied. The remaining allegations are also denied.

**82.**  Admitted that the Louisiana legislature was among the first state legislatures to pass age-verification laws designed to protect minors from material harmful to minors online; and admitted that the respective legislatures of Utah, Mississippi, Virginia, Arkansas, Texas, and Montana have also passed age-verification laws. Otherwise denied.

**83.** Admitted.

**84.** Admitted that 47 U.S.C. § 230(f)(2) defines "interactive computer service" to mean "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions"; and admitted that 42 U.S.C. § 230(f)(3) defines "information content provider" to mean "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." Defendant Attorney General Landry lacks knowledge or information sufficient to determine the truth of the remaining allegations in this paragraph; the remaining allegations of this paragraph are therefore denied.

**85.** Admitted that 47 U.S.C. § 230(e)(3) provides: "Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this Section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Otherwise denied.

**86.** Denied.

**87.** Admitted that Plaintiffs sought an injunction against Commissioner Dardenne as to the Private Enforcement Act; however, the Court has dismissed that request for lack of subject-matter jurisdiction through its order and reasons (Doc. 50). Otherwise denied.

**88.** Admitted that Plaintiffs sought an injunction against Secretary LeBlanc as to the Private Enforcement Act; however, the Court has dismissed that request for lack of subject-matter jurisdiction through its order and reasons (Doc. 50). Otherwise denied.

89.   Admitted that Plaintiffs sought an injunction against Defendant Attorney General Landry as to the Private Enforcement Act; however, the Court has dismissed that request for lack of subject-matter jurisdiction through its order and reasons (Doc. 50). Otherwise denied.

90.   Admitted that Plaintiffs seek an injunction against Defendant Attorney General Landry as to the Public Enforcement Act.  Denied that Plaintiffs are entitled to the requested injunctive relief.

## CAUSES OF ACTION

**Chart.** Page 38 of Plaintiffs' first amended complaint (Doc. 31) contains a chart listing causes of action Plaintiffs purported to assert. Defendant Attorney General Landry denies that Plaintiffs are entitled to any relief on any of the purported causes of action listed. To the extent this chart is deemed to include allegations to which a response is deemed required, the allegations are denied.

91.   Admitted that Plaintiffs state that they "repeat and re-allege each of the foregoing paragraphs as if set forth entirely herein." Defendant Attorney General Landry renews and incorporates by reference Defendant's preceding responses as though fully set forth here.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Admitted that Plaintiffs sought an injunction against all of the original Defendants as to the Private Enforcement Act; however, Plaintiffs' request for an injunction against all of the original Defendants as to the Private Enforcement Act has been dismissed for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50).  Otherwise denied.

96.   Admitted that Plaintiffs have asked the Court for an injunction against Defendant Attorney General Landry as to the Public Enforcement Act. Otherwise denied.

**97.** Admitted that Plaintiffs state that they "repeat and re-allege each of the foregoing paragraphs as if set forth entirely herein." Defendant Attorney General Landry renews and incorporates by reference Defendant's preceding responses as though fully set forth here.

**98.** Denied.

**99.** Denied.

**100.** Denied.

**101.** Admitted that Plaintiffs sought an injunction against all of the original Defendants as to the Private Enforcement Act; however, Plaintiffs' request for an injunction against all of the original Defendants as to the Private Enforcement Act has been dismissed for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50). Otherwise denied.

**102.** Admitted that Plaintiffs have asked the Court for an injunction against Defendant Attorney General Landry as to the Public Enforcement Act. Otherwise denied.

**103.** Admitted that Plaintiffs state that they "repeat and re-allege each of the foregoing paragraphs as if set forth entirely herein." Defendant Attorney General Landry renews and incorporates by reference Defendant's preceding responses as though fully set forth here.

**104.** Denied.

**105.** Admitted that Plaintiffs sought an injunction against all of the original Defendants as to the Private Enforcement Act; however, Plaintiffs' request for an injunction against all of the original Defendants as to the Private Enforcement Act has been dismissed for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50). Otherwise denied.

**106.** Admitted that Plaintiffs have asked the Court for an injunction against Defendant Attorney General Landry as to the Public Enforcement Act. Otherwise denied.

**107.** Admitted that Plaintiffs state that they "repeat and re-allege each of the foregoing paragraphs as if set forth entirely herein." Defendant Attorney General Landry renews and incorporates by reference Defendant's preceding responses as though fully set forth here.

**108.** Denied.

**109.** Admitted that Article VI of the United States Constitution states in relevant part that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land." Otherwise denied.

**110.** Admitted that Plaintiff JFF sought an injunction against all of the original Defendants as to the Private Enforcement Act; however, Plaintiff JFF's request for an injunction against all of the original Defendants as to the Private Enforcement Act has been dismissed for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50). Otherwise denied.

**111.** Admitted that Plaintiff JFF has asked the Court for an injunction against Defendant Attorney General Landry as to the Public Enforcement Act. Otherwise denied.

**112.** Admitted that Plaintiffs state that they "repeat and re-allege each of the foregoing paragraphs as if set forth entirely herein." Defendant Attorney General Landry renews and incorporates by reference Defendant's preceding responses as though fully set forth here.

**113.** Denied.

**114.** Denied.

**115.** Denied.

**116.** Admitted that Plaintiffs sought declaratory relief against all of the original Defendants as to the Private Enforcement Act; however, Plaintiffs' request for declaratory relief against all of the

original Defendants as to the Private Enforcement Act has been dismissed for lack of subject-matter jurisdiction as a result of the Court's order and reasons (Doc. 50).  Otherwise denied.

**117.** Admitted that Plaintiffs have asked the Court for declaratory relief against Defendant Attorney General Landry as to the Public Enforcement Act. Otherwise denied.

## PRAYER FOR RELIEF

Defendant Attorney General Landry denies that Plaintiffs are entitled to the relief requested in Plaintiffs' prayer for relief (Doc. 31 at 43), and Defendant Attorney General Landry denies that Plaintiffs are entitled to any relief whatsoever. Defendant Attorney General Landry respectfully requests that the Court enter judgment against Plaintiffs and grant Defendant Attorney General Landry such additional and further relief as the Court may deem just, proper, and necessary.

## AFFIRMATIVE DEFENSES

Defendant Attorney General Landry states the following defenses[2] under Federal Rule of Civil Procedure 8(c):

**1.** The Public Enforcement Act is fully consistent with the First Amendment to the United States Constitution, including the First Amendment as interpreted in *Ashcroft v. ACLU*, 542 U.S. 656, 660–73 (2004), because, *inter alia*, the Public Enforcement Act does not unconstitutionally compel any protected speech; the Public Enforcement Act does not impose any constitutionally impermissible prior restraint on protected speech; the Public Enforcement Act is neither vague

---

[2] These affirmative defenses explicitly reference only the Public Enforcement Act, and not the Private Enforcement Act, because the Court has dismissed for lack of subject-matter jurisdiction all of Plaintiffs' challenges to the Private Enforcement Act. Doc. 50. To the extent it is deemed necessary to so specify, these defenses apply with equal force to the Private Enforcement Act.

nor overbroad; and the Public Enforcement satisfies even strict scrutiny because the Public Enforcement Act is narrowly tailored to further the State of Louisiana's compelling interest in protecting minors from the corrosive influence of material harmful to minors online, and the Public Enforcement Act represents the least restrictive means of achieving that compelling interest.

**2.** Alternatively, the Public Enforcement Act is fully consistent with the First Amendment to the United States Constitution and is subject to, at most, rational-basis review under *Ginsberg v. State of New York*, 390 U.S. 629 (1928), and its progeny, as well as the principles articulated in Justice Scalia's *Ashcroft* dissent, *see* 542 U.S. at 676 (Scalia, J., dissenting), because, *inter alia*, the commercial pornography covered by the Public Enforcement Act "could, consistent with the First Amendment, be banned entirely," *id.*; because "[n]othing in the First Amendment entitles the type of material covered" by the Public Enforcement Act to strict-scrutiny review, *id.*; and because the Public Enforcement Act easily satisfies rational basis review inasmuch as it bears a rational relationship to the State of Louisiana's compelling interest in protecting minors from exposure to sexually explicit material online.

**3.** Alternatively, the Public Enforcement Act is fully consistent with the First Amendment to the United States Constitution because the material to which the Public Enforcement Act applies constitutes obscenity unprotected by the First Amendment.

**4.** Alternatively, the Public Enforcement Act is fully consistent with the First Amendment to the United States Constitution under the secondary-effects doctrine and the principles established in *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 54–55 (1986), and its progeny, because, *inter alia*, the Public Enforcement Act serves a function equivalent to a physical place that can be zoned; the Public Enforcement Act leaves adults free to communicate after verifying their ages; the Public

Enforcement Act can be justified without reference to the content of the supposed "speech" in question; and there is a compelling government interest justifying limiting minors' access to online material that is harmful to them.

**5.** The Public Enforcement Act is fully consistent with purported substantive due process principles under the Fourteenth Amendment to the United States Constitution because, *inter alia*, the Public Enforcement Act does not implicate any fundamental constitutional right that is "deeply rooted in [our Nation's] history and tradition and . . . essential to our Nation's scheme of ordered liberty," *James v. Cleveland Sch. Dist.*, 45 F.4th 860, 867 (5th Cir. 2022), and the Public Enforcement Act is rationally related to the State of Louisiana's compelling interest in protecting minors from the corrosive influence of material harmful to minors online.

**6.** The Public Enforcement Act is fully consistent with procedural due process principles under the Fourteenth Amendment to the United States Constitution because, *inter alia*, the Public Enforcement Act does not contain any unconstitutionally vague terms, and the Public Enforcement Act's notice provision guarantees that a regulated commercial entity will receive constitutionally adequate notice and an opportunity to be heard before any civil-enforcement action is initiated.

**7.** The Public Enforcement Act is fully consistent with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because, *inter alia*, its bona fide news exception does not create any constitutionally impermissible classification among media providers.

**8.** The Public Enforcement Act is fully consistent with the dormant Commerce Clause because, *inter alia*, the Public Enforcement Act does not discriminate against out-of-state economic inter-

ests, purposefully or otherwise, and any burden the Public Enforcement Act might impose on interstate commerce is not clearly excessive in relation to the compelling local benefits flowing from the Public Enforcement Act's protection of minors from material harmful to minors online.

9.    The Public Enforcement Act does not violate, and is not preempted by, 47 U.S.C. § 230, because, *inter alia*, the Public Enforcement Act does not impose liability "that is inconsistent" with Section 230, and Plaintiff JFF has not shown that it is a "provider or user of an interactive computer service" rather than an "information content provider," 47 U.S.C. § 230(f)(2)–(3).

10.   Plaintiffs are not entitled to a declaration that the Public Enforcement Act is unconstitutional and/or preempted by 47 U.S.C. § 230 because, for the reasons given at 1–9 above, among others, the Public Enforcement Act is fully constitutional and is not preempted by 47 U.S.C. § 230.

11.   Some or all Plaintiffs lack standing under Article III of the United States Constitution to challenge the Public Enforcement Act on some or all asserted claims and/or theories.

12.   There is neither factual nor legal support for an award of injunctive or declaratory relief.

13.   Defendant Attorney General Landry reserves the right to amend this answer and to assert additional affirmative defenses to which he is entitled.

Dated: October 18, 2023

Very respectfully submitted,

/s/ Jordan Bailey Redmon
SHAE MCPHEE (La. Bar No. 38565)
  Deputy Solicitor General
JORDAN BAILEY REDMON (La. Bar No. 37272)
  Assistant Solicitor General
Louisiana Department of Justice
909 Poydras Street, Suite 1850
New Orleans, Louisiana 70112
Tel: (504) 556-9918
Fax:  (504) 556-9900
redmonj@ag.louisiana.gov
mcphees@ag.louisiana.gov

*Counsel for Defendant Attorney General Landry*